# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL A. BOWDEN, | 1:08-CV-01433 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |
| KEN CLARK, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 24, 2008, Petitioner returned the consent/decline form indicating consent to the jurisdiction of the magistrate judge.

**PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Orange, following his conviction by jury trial on March 25, 1987, of murder in violation of Cal. Penal Code § 187. See Petition at 2. He was sentenced to serve an indeterminate term of fifteen years to life in state prison with the possibility of parole. Id.

Petitioner filed the instant petition for writ of habeas corpus in this Court on

September 24, 2008. The petition challenges a 2005 decision of the Board denying parole and presents the following claims: 1) He alleges his due process rights were violated when a parole commissioner considered information not on the record in the parole determination; and 2) He contends a parole commissioner lacked the education to recommend therapy.

**DISCUSSION**

I.      Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.     Failure to Present a Cognizable Claim

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

A parole release determination is not subject to all the due process protections of an adversary proceeding.  Pedro v. Oregon Parole Board, 825 F.2d 1396, 1398-99 (9th Cir. 1987); see also Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 12 (1979)

(explaining that due process is flexible and calls for procedural protections that particular situations demand). "[S]ince the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, even when a protected liberty interest exists." Pedro, 825 F.2d at 1399; Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987). At a state parole board proceeding, an inmate is guaranteed the following process: 1) the inmate must receive advance written notice of a hearing, Pedro, 825 F.2d at 1399; 2) the inmate must be afforded an "opportunity to be heard," Greenholtz, 442 U.S. at 16; and 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole." Id. Petitioner does not dispute that he received these procedural rights.

"In Superintendent, Mass. Correc. Inst. v. Hill, the Supreme Court held that 'revocation of *good time* does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by *some evidence* in the record.' 472 U.S. 445, 454 (1985), *quoting* Wolff v. McDonnell, 418 U.S. 539, 558 (1974)." Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir.2006) (emphasis added). The Ninth Circuit has held that this same standard also extends to parole determinations. Irons v. Carey, 505 F.3d 846, 851 (9th Cir.2007), *quoting* Hill, 472 U.S. at 457 ("We have held that 'the Supreme Court ha[s] clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record,' or is 'otherwise arbitrary.'").

In this case, Petitioner argues that a parole commissioner considered some information that was not on the record. He also argues that a parole commissioner lacked the education to recommend therapy. These claims are not cognizable on federal habeas, because Petitioner does not contend that the decision of the parole board - that Petitioner poses an unreasonable risk of danger to the public if released - was not supported by at least some evidence. In other words, he makes no claim that the parole board failed to provide him with his minimum due process protections. Therefore, the petition must be dismissed for failure to state a claim.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be DIRECTED to enter judgment for Respondent.
3. As this petition challenges a parole decision, a certificate of appealability is not required. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir.2005).

IT IS SO ORDERED.

Dated:   **December 3, 2008**           **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE